IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CHRISTOPHER HAGLEY,**

    **Plaintiff,**

v.                                                                            Case No. 3:20-cv-00468

**WESTERN REGIONAL JAIL;**
**PRIME CARE MEDICAL, INC.;**
**WALLACE TUCKER; and**
**CAPTAIN DIAMOND,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to

1

correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges the following in his complaint:

1. On several occasions, the Western Regional Jail failed to protect him;

2. Plaintiff asked to be separated from inmate Wallace Tucker, but the Jail refused to do so until after Tucker attacked Plaintiff, choking him, slamming his head into the wall, and breaking his glasses. Plaintiff is wheelchair-bound and cannot protect himself, which are facts known to the Jail;

3. Plaintiff is now in constant pain;

4. Plaintiff has requested treatment from Prime Care, but "they said they can't do anything for [him]." (ECF No. 2 at 4-5). Plaintiff asks for his health care bills to be paid, compensatory and punitive damages, glasses replaced at the cost of $1500, and twenty five million dollars in damages. (*Id.* at 5).

There are several problems with Plaintiff's complaint that must be corrected before service can be effected on all of the named defendants. First, in order to state a cause of action for money damages under 42 U.S.C. § 1983, a plaintiff must allege **facts** showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege, or immunity and (2) the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. Under this standard, Plaintiff's complaint is inadequate.

Plaintiff names the Western Regional Jail, Wallace Tucker, and Captain Diamond as defendants. Plaintiff needs to amend his complaint and identify the specific Jail employees with whom Plaintiff discussed inmate Tucker. Plaintiff needs to provide more detail concerning when and why he asked for protection, and when the assault by Tucker

took place. Plaintiff needs to explain why he felt Tucker was a threat and whether Plaintiff had previously had dealings with Tucker.

With respect to Captain Diamond, Plaintiff fails to include any specific allegations. Plaintiff must allege facts setting forth what Captain Diamond did or did not do that allegedly violated Plaintiff's rights. The Court cannot infer that Captain Diamond failed to protect Plaintiff. Instead, Plaintiff must tell the Court about Captain Diamond's involvement in the matter and explain why Plaintiff holds Captain Diamond responsible for the assault by Inmate Tucker.

In regard to Wallace Tucker, according to the complaint, Tucker was an inmate at the Jail, not an "official." Therefore, Plaintiff has not set forth any factual allegations to bring a suit against Wallace Tucker in ***federal*** court. Typically, jurisdiction in federal court is based on one of two grounds. Either, the Plaintiff and the Defendant are citizens of different States and the amount in dispute is more than $75,000, or there is a federal law underlying the case. Here, Plaintiff is suing under § 1983. For the most part, the only individuals that can be sued under § 1983 are government officials acting under color of state law. Private citizens are not proper defendants in a § 1983 case, except in limited circumstances that apparently do not apply to Tucker. Tucker was not a government official and was not acting under color of state law. Tucker was residing in West Virginia at the time of the assault, as was Plaintiff. Therefore, Plaintiff has stated no basis for bringing his claim against Tucker in federal court. In order for Plaintiff to continue with his claim against Tucker, Plaintiff must include facts in his complaint that demonstrate the court's jurisdiction over the dispute with Tucker.

Plaintiff also sues Prime Care Medical; however, Plaintiff does not state facts that demonstrate a federal claim. In order to state a claim against Prime Care, or any of the

health care providers employed by Prime Care, Plaintiff must include facts in the complaint describing how the providers violated Plaintiff's constitutional rights. The Eighth Amendment to the United States Constitution requires correctional facilities to provide prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). A prison official violates this constitutional guarantee when he or she responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To state a claim for a violation of the Eighth Amendment, an inmate must allege facts that satisfy two elements: one that is objective and one that is subjective. First, the inmate must show the existence of a medical condition or medical need that is objectively serious. *Estelle,* 429 U.S. at 104. Second, the inmate must show that the prison official subjectively knew of, but disregarded, "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. at 837. A prison official is not liable under the Eighth Amendment if a reasonable response is made to an inmate's serious medical condition, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). Moreover, a mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action. Instead, to establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990).

In light of these governing principles, Plaintiff must amend his complaint as follows:

1. Plaintiff must identify the ***prison officials*** who allegedly violated his constitutional rights. Therefore, if Plaintiff is claiming that a person or persons employed by the Jail acted under color of state law to violate his federal civil or constitutional rights, he must amend his complaint to **name** the individual or individuals as defendant(s). If Plaintiff does not know the name of such an individual, Plaintiff should list that person as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and should further identify the person in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the Court in determining the identity and number of individual defendants in the action, as well as the specific reason that each person is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Correctional Officer Ronald LKU ('last name unknown")). With respect to Captain Diamond, Plaintiff must state factually exactly what Captain Diamond did or did not do to adequately protect Plaintiff.

2. Plaintiff must provide facts as to his contacts with Prime Care Medical that show how the employees of Prime Care were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff merely states that Prime Care said it could not help him. Plaintiff needs to include more specifics; for example, the nature of his complaints, when he made the complaints, to whom he made the complaints, and what, if anything Prime Care did to attend to his needs. In that same vein, if Plaintiff complained to correctional officers and they ignored his requests for treatment, Plaintiff should identify the prison officials, describe the physical complaints he had at the time he requested medical care, and state what was done or said in response to his complaints.

3. Plaintiff should explain to the Court the basis for its jurisdiction over inmate Wallace Tucker.

Plaintiff is **ORDERED** to amend his complaint within **thirty (30) days** of the date of this Order. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that portions of the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs is **GRANTED** with respect to his claims against the Western Regional Jail. The Court notes that Plaintiff has sufficient funds in his inmate account to make an initial partial filing fee payment of $10.00. Plaintiff is **ORDERED** to make the $10.00 payment on or before **August 15, 2020**. Thereafter, monthly payments shall be made in an amount equal to 20 percent of the preceding month's income credited to his inmate account until the full filing fee of $350.00 has been paid. These payments shall be begin on **September 4, 2020** and be due by the fifth day of each month. The Western Regional Jail and Correctional Facility, or any other agency or facility having custody of Plaintiff, shall forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10, until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to the Plaintiff.

The Clerk of Court is **ORDERED** to issue a summons for the Western Regional Jail. The Clerk shall provide the summonses and copies of the complaint to the United States Marshals Service. Pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3), *Fed. R. Civ. P.,* the United States Marshals Service is **ORDERED** to serve a summons and complaint on the Western Regional Jail or its designated agent for service. The Marshals Service shall

6

promptly file the proof of service with the Clerk.

**Plaintiff is reminded** of his obligation as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address.

The Clerk is directed to mail a copy of this Order to Plaintiff and the Administrator of the Western Regional Jail and Correctional Facility.

**ENTERED:** July 14, 2020

Cheryl A. Eifert
United States Magistrate Judge