IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHRISTOPHER HAGLEY,

      Plaintiff,

v.                                                    Case No. 3:20-cv-00468

PRIME CARE MEDICAL, INC.;
WALLACE TUCKER;
CAPTAIN DIAMOND, and
C. O. ANTHONY EVERSON,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Plaintiff's *pro se* complaint, amended complaint, and second amended complaint filed pursuant to 42 U.S.C. § 1983, (ECF Nos. 2, 6, 19), and the Motion of Defendants Diamond and Everson to Dismiss. (ECF No. 46). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**; Plaintiff's complaint *against all of the defendants* be **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1, and that this case be **REMOVED** from the docket of the Court.

## I.    Relevant History

On July 9, 2020, Plaintiff file the Complaint herein, alleging that he was attacked

by Defendant, and fellow inmate, Wallace Tucker, while incarcerated at the Western Regional Jail and Correctional Facility ("WRJ"). (ECF No. 2). Plaintiff alleged that the WRJ failed to protect him from the assault. He also alleged that Prime Care refused to treat the constant pain he suffered from the assault, even though he had communicated his pain symptoms to Prime Care. He stated that Prime Care "said they [could not] do anything for [him]." (*Id*. at 5).

On July 14, 2020, the undersigned issued a Memorandum Opinion and Order explaining to Plaintiff that his complaint, as written, was inadequate to state a claim against Prime Care, Defendant Diamond, and Defendant Tucker. (ECF No. 4). The Court provided the elements of an Eighth Amendment claim to Plaintiff, and he was told that he needed to include factual allegations stating a *prima facie* case against each defendant and a basis for the Court's subject matter jurisdiction over Defendant Tucker. (*Id*. at 4-5*)*.

On July 27, 2020, Plaintiff filed an Amended Complaint. (ECF No. 6). Plaintiff supplemented his claims against the WRJ and various correctional officers, but merely reiterated his allegation against Prime Care, adding only that Regina at Prime Care said nothing could be done for his pain. Plaintiff provided no basis for the Court's jurisdiction over Tucker. Accordingly, the Court scheduled an initial status conference to take place on September 8, 2020. (ECF No. 11).

On September 8, 2020, Plaintiff appeared at the status conference via videoconference and the defendant, WRJ, appeared, by counsel. (ECF No. 14). After explaining the process to Plaintiff and the deficiencies in his amended complaint, the Court ordered the Western Regional Jail to provide various documents to Plaintiff to assist him in further amending his complaint. (ECF No. 15). Plaintiff was given an additional thirty days in which to file a second amended complaint designed to fill the

holes left in his amended complaint. (ECF No. 15).

Plaintiff filed a Motion to Amend and a Second Amended Complaint on October 16, 2020. (ECF No. 18, 19). The undersigned granted the Motion to Amend and ordered that the Second Amended Complaint be filed effective October 19, 2020. (ECF No. 20). In the Second Amended Complaint, Plaintiff identified Everson as a defendant and added additional allegations against him and Defendant Diamond. (ECF No. 19). Plaintiff listed the names of certain employees of Prime Care, but did not include any factual allegations against them, or supplement his claim against Prime Care. Plaintiff attached various grievances and medical records, but included no explanation as to their relevance, although some of the records documented the assault of Plaintiff by Tucker and Plaintiff's related health care. (*Id.*).

Based upon the Second Amended Complaint, summonses were issued for Defendants Diamond and Everson. (ECF Nos. 21, 22). On November 10, 2020, Plaintiff filed a motion, asking the Court to compel the production of documents, including five months of box recordings and laboratory and x-ray reports. (ECF No. 25). On November 19, 2020, the undersigned entered an order denying the motion to compel for several reasons. (ECF No. 28). First, as the undersigned explained, there were no available box recordings, so the Court could not compel their production. Second, the Court was not in a position to conduct Plaintiff's discovery for him, and provided him with options to collect the documents that he sought. Finally, the undersigned indicated that discovery had not formally begun, because the WRJ had been dismissed from the action and the newly joined defendants had not yet entered an appearance in the case. (*Id.*).

On November 25, 2020, Defendant Diamond filed an answer to the second amended complaint. (ECF No. 29). However, Defendant Everson's summons was

returned unexecuted. (ECF No. 30). Accordingly, the undersigned entered an order, scheduling a status conference to take place on January 27, 2021. (ECF No. 31). Prior to the date of the status conference, the order sent to Plaintiff was returned as undeliverable. (ECF No. 32). According to the return label, Plaintiff was no longer incarcerated at the Western Regional Jail.

The Court proceeded with the status conference as scheduled; however, Plaintiff did not appear. (ECF No. 34). The Court noted that Plaintiff had been advised on five separate occasions of his obligation to promptly notify the Clerk of Court of any change in address. However, Plaintiff had not done so, and his whereabouts were unknown. (*Id*.). The Court nevertheless entered a Scheduling Order, and ordered the WRJ to provide Defendant Everson's last known address for service of process. Defendant Everson was served thereafter and filed an answer on April 23, 2021. (ECF Nos. 39, 41).

On June 3, 2021, Defendants Everson and Diamond filed a Motion to Compel discovery responses from Plaintiff. (ECF No. 42). Defendants explained that they had sent discovery requests to Plaintiff at his last address of record, but he had not responded to them. Defendants attempted to contact Plaintiff to confer about the discovery, but Plaintiff did not respond to Defendants' contacts and provided no answers to the outstanding discovery. (*Id*.). The Court granted the Motion to Compel on June 30, 2021; however, the order sent to Plaintiff was returned as undeliverable. (ECF Nos. 44, 45).

On July 19, 2021, Defendants Diamond and Everson filed the instant Motion to Dismiss for failure to prosecute. (ECF No. 46). In an accompanying memorandum, Defendants argue that dismissal is appropriate, because Plaintiff has failed to comply with court orders, failed to participate in discovery, failed to keep the Court and the adverse parties updated on his location, and failed to contact the Court or the defendants to

determine the status of the case. (ECF No. 47).

## II.    <u>Discussion</u>

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed.R.Civ.P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states  "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, the undersigned concludes that dismissal of the action ***against all*** of the remaining defendants is warranted. A review of the docket demonstrates that Plaintiff last participated in this case on November 10, 2020. Since that date, Plaintiff has made no effort to check on the status of the case, communicate with the defendants or the Court, or provide his contact information. Furthermore, although twice ordered to do so, Plaintiff has failed to amend his complaint to state a claim against Prime Care, or explain the Court's jurisdiction over Defendant Tucker. Accordingly, those defendants remain unserved with process. Although reminded five times that he was required to promptly update the Clerk of Court regarding any changes in his contact information, Plaintiff has failed to do so. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion.

This civil action has been pending on the Court's docket for more than one year and for the past nine months, there has been no action by, nor communication from, Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time.

6

Furthermore, considering that Plaintiff has now disregarded numerous court orders and his whereabouts are unknown, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Accordingly, under the present circumstances, the Court is left with only two options: dismiss the case or allow it to sit on the docket dormant. The latter option is patently unfair to the defendants.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute his claim is unknown. Therefore, the undersigned recommends that dismissal be without prejudice to account for the unlikely possibility that Plaintiff's dilatoriness is excusable and there is good cause and a basis to reinstitute the claim.

## III.    <u>Proposal and Recommendation</u>

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Dismiss of Defendants Diamond and Everson be **GRANTED**, (ECF No. 46); that the second amended complaint be **DISMISSED** in its entirety, without prejudice;  and that this action be **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

"Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, counsel of record, and any unrepresented party.

**DATED**:  August 10, 2021

Cheryl A. Eifert
United States Magistrate Judge